FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 15, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOSEPH A. STANFORD,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>MICROSOFT INC.; CISCO SYSTEMS INC.; INTERNAL REVENUE SERVICE; and PFIZER INC.,<br><br>　　　　　　　Defendants. | NO. 2:24-CV-0225-TOR<br><br>ORDER DISMISSING COMPLAINT |

BEFORE THE COURT is Plaintiff's Complaint and *ex parte* Application to Proceed *In Forma Pauperis*. ECF Nos. 1; 2. For the reasons discussed below, Plaintiff's Complaint (ECF No. 1) is **DISMISSED with prejudice** and Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 2) is **DENIED**.

## BACKGROUND

Plaintiff Joseph A. Stanford commenced this suit on June 28, 2024, against Defendants Microsoft Inc., Cisco Systems Inc., Pfizer Inc., and the Internal Revenue Service (IRS). ECF No. 1. Plaintiff is proceeding *pro se*. *Id*. Plaintiff

ORDER DISMISSING COMPLAINT ~ 1

paid the $405 filing fee but simultaneously submitted an application to proceed *in forma pauperis*. *Id.*; ECF No. 2. Defendants have not been served.

## DISCUSSION

Under the Prison Litigation Reform Act of 1995, the district court is required to screen a complaint filed by a party seeking to proceed *in forma pauperis*. 28 U.S.C. § 1915(e); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."). The court must dismiss the case if it determines that the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 112 (9th Cir. 2012) (citing *Lopez v. Smith*, 203 F.3d 1122, 1127-31 (9th Cir. 2000)). To avoid dismissal under Rule 12(b)(6), a complaint must comply with the pleading requirements of Federal Rule of Civil Procedure 8. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rule 8 requires the complaint to allege "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1)-(2). A complaint fails to state a claim upon which relief may be granted if it lacks a cognizable legal theory

ORDER DISMISSING COMPLAINT ~ 2

or lacks sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

The court construes a *pro se* plaintiff's pleadings liberally, affording him the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, the court is not required to "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable influences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Even assuming this Court has subject matter jurisdiction over the action, Plaintiff has not met his burden under Rule 8(a)(2) to provide a short and plain statement of his claims showing he is entitled to relief. Plaintiff's complaint spans 111 pages and is largely unintelligible. Although the complaint mentions the Fourth and Fifth Amendments of the United States Constitution and Plaintiff's *Miranda* rights[1] in passing, it does not allege a specific legal violation committed by Defendants, nor does it supply a specific factual basis for the claims in issue. The handwritten portion of the complaint asserts "thefts of properties" and "foul play competition" as a factual basis for Plaintiff's claims and directs the Court to review the typed attachment for further information regarding Plaintiff's claims. ECF No. 1 at 4. The typed attachment, however, fares no better. For example,

---

[1] *Miranda v. Arizona*, 384 U.S. 436, 498 (1966).

ORDER DISMISSING COMPLAINT ~ 3

Plaintiff's first issue statement reads:

> Plaintiff Joseph A. Stanford and Softwho include claims of violations of Amendment 4 right to secure of placid facts against defendants and suspicions against all corporations wherein illegal responses to society as totality reference and illegal of products to improve without responses no act being an act of silence to respond being responsible and finally defendants maintained knowledge of supremacy values whereto received levels of breaches and levels of support level . . .

ECF No. 1-1 at 43 (grammar and spelling in original). Among the injuries sustained, Plaintiff claims he incurred "aging facial and public death threats." ECF No. 1 at 5. Plaintiff seeks 900 billion dollars, full immunity, and citizenship to Australia or Canada. ECF No. 1 at 5.

As the foregoing makes clear, Plaintiff's complaint does not comport with the pleading requirements of Rule 8. As such, the Court must dismiss the complaint and deny Plaintiff's application to proceed *in forma pauperis*. *See* Fed. R. Civ. P. 8(a)(2); § 1915(e)(2)(B)(ii).

## OPPORTUNITY TO AMEND

Unless it is absolutely clear that amendment would be futile, a *pro se* litigant must be given the opportunity to amend his complaint to correct any deficiencies. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), *superseded by statute*, 28 U.S.C. § 1915(e)(2), *as recognized in Aktar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). The Court finds it absolutely clear that no amendment will cure the deficiencies in Plaintiff's complaint. Therefore, the Court dismisses Plaintiff's

ORDER DISMISSING COMPLAINT ~ 4

complaint with prejudice.

## SEALING STATUS

Plaintiff's complaint is presently unsealed and contains an unredacted photocopy of his U.S. passport. ECF No. 1 at 7-8. This private information, which is available on the public docket, could compromise Plaintiff's personal security. The Court therefore finds a compelling reason exists to *sua sponte* seal pages 7 and 8 of the complaint. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (a district court's decision to seal a judicial record must be based on a compelling reason supported by specific factual findings) (citations omitted).

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Plaintiff's Complaint (ECF No. 1) is **DISMISSED with prejudice**. Plaintiff's *ex parte* Application to Proceed *In Forma Pauperis* (ECF No. 2) is **DENIED**.

The District Court Executive is directed to enter this Order and judgment in favor of Defendants, furnish a copies to Plaintiff, seal pages 7 and 8 of Plaintiff's complaint (ECF No. 1), and **CLOSE** the file.

DATED July 15, 2024.



THOMAS O. RICE
United States District Judge

ORDER DISMISSING COMPLAINT ~ 5